UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DWAYNE KEITH SUMNER,<br><br>Defendant. | Criminal No. 00cr383-01 (CKK) |

**MEMORANDUM OPINION**
(September 28, 2016)

Presently before the Court is Defendant Dwayne Keith Sumner's [42] Letter which the Court previously indicated it shall construe as a motion seeking a reduction of sentence and granted leave to file on the docket. *See* Order (Mar. 1, 2016), ECF No. [43]. Mr. Sumner, who is proceeding *pro se*, argues that his sentence is unjust and unreasonable under the circumstances and requests that the Court reduce his sentence. The Government opposes Mr. Sumner's request. Upon a searching review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court finds that Mr. Sumner is not entitled to the requested relief. Accordingly, the Court shall DENY Mr. Sumner's [42] motion for a reduction of sentence.

**I. BACKGROUND**

On October 25, 2000 at approximately 9:15 a.m., Mr. Sumner entered the outer foyer of the SunTrust Bank located at 2 Massachusetts Avenue, NW, and wrote a demand letter.[2] The demand letter, which he then handed to a teller, demanded money and declared that Mr. Sumner

---

[1] Def.'s Ltr. ("Def.'s Mot."), ECF No. [42]; Govt.'s Opp'n to Def.'s Mot. to Reduce Sentence ("Govt.'s Opp'n"), ECF No. [44]. Mr. Sumner filed no reply.

[2] The following account of the facts underlying Mr. Sumner's conviction are taken from the Factual Proffer in Support of the Guilty Plea in this matter.

had a bomb. At the time, Mr. Sumner had a black duffle bag strapped over his shoulder. The teller activated two silent alarms and promptly went to the back of the bank away from the window. Mr. Sumner did not wait for the teller to return and, rather, left the bank. He later was stopped at on the 400 block of K Street, NW. Mr. Sumner confessed in writing and orally to law enforcement officers that he intended to rob the bank. Surveillance cameras captured clear pictures of Mr. Sumner inside the bank, his fingerprints were identified on the demand note which was written in blue ink, and a blue ink pen was recovered from Mr. Sumner's pocket.

On November 15, 2000, Mr. Sumner was indicted on one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). On May 3, 2001, Mr. Sumner entered into a written plea agreement with the government whereby he agreed to plead guilty to an Information charging one count of attempted *armed* bank robbery in violation of § 2113(a) and (d). Govt.'s Opp'n, Ex. 2 (Plea Agmt.) at 41-46, ECF No. [44-1]. As part of the terms of the plea agreement, the government indicated it would not seek any further criminal charges against Mr. Sumner for the any acts or conduct relating to the events set out in the Information and Factual Proffer. Moreover, the government withdrew its Notice of Mandatory Life Imprisonment Upon Conviction Pursuant to 18 U.S.C. § 3559(c)(4).[3] *Id.* at 42. The plea agreement provided:

> Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure [Mr. Sumner] and the Government agree that the appropriate sentence for the offense to which your client is pleading guilty is a twenty-five year sentence of imprisonment followed by a five year period of supervised release . . . . If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(e)(3) . . . .

*Id.* The Court conducted a plea colloquy on May 3, 2001, and ultimately accepted Mr. Sumner's

---

[3] Defendant had prior convictions for rape and robbery and a separate conviction for robbery involving a bank.

guilty plea and the parties' agreed-upon sentence as described in the plea agreement as reasonable. On July 26, 2001, the Court sentenced Mr. Sumner to a twenty-five year term of imprisonment followed by a five-year period of supervised release. Mr. Sumner did not file a direct appeal of his conviction or sentence. On July 24, 2002, Mr. Sumner filed a Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody which the Court denied pursuant to a Memorandum Opinion and accompanying Order. *See* Mem. Op. (Jun. 26, 2004); Order (Jun. 26, 2004). On April 25, 2005, Mr. Sumner filed an Application for Certificate of Appealability which the Court denied pursuant to a Memorandum Opinion and accompanying Order. *See* Mem. Op. (May 20, 2005), ECF No. [38]; Mem. Op. (May 20, 2005), ECF No. [39]. Mr. Sumner now moves to reduce his sentence.

## II. DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010). However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2). None of these exceptions to the general rule are applicable here and, accordingly, the Court must deny Mr. Sumner's request.

First, the Director of the Bureau of Prisons has not filed a motion requesting that Mr. Sumner's sentence be reduced. Second, the Court is not expressly permitted by statute or Federal Rule of Criminal Procedure 35 to reduce Mr. Sumner's sentence. Mr. Sumner has not pointed to

any statutory provision that would allow the Court to reduce his sentence. Further, Federal Rule of Criminal Procedure 35 only authorizes the reduction of a sentence within 14 days of sentencing to correct a clear error, or upon motion of the government if a defendant, after sentencing, provided substantial assistance to the government. Fed. R. Crim. Proc. 35(a)-(b). Neither of the provisions of Rule 35 is applicable here.

Finally, the applicable guideline range has not been retroactively lowered by the Sentencing Commission and Mr. Sumner was sentenced above the applicable guideline range. Indeed, Mr. Sumner's sentence was imposed in light of the parties' Rule 11(e)(1)(C) (now Rule 11(c)(1)(C)) plea agreement and the Court expressly departed from the guideline range in imposing Mr. Sumner's sentence. Pursuant to the terms of that plea agreement, the parties agreed that a 25-year (300-month) period of incarceration was an appropriate sentence for attempted armed bank robbery, the offense to which Mr. Sumner pled guilty. The Court accepted the parties' plea agreement and ultimately sentenced Mr. Sumner to the agreed-upon 25-year term of imprisonment after conducting a plea colloquy, reviewing the Presentence Investigation Report, and describing its basis for the sentence on the record during the sentencing hearing. In imposing this sentence, the Court noted that imprisonment range under the guidelines was 188 to 235 months. However, the Court departed from the guideline range, specifically noting in the Statement of Reasons that there was a Rule 11(e)(1)(C) plea and indicating: "As part of plea, life papers were withdrawn. Sentenced to statutory maximum." Judgment (Aug. 9, 2001) at 7. As such, while the Court considered the guideline range, it ultimately elected to sentence Mr. Sumner above that range in light of the parties' plea agreement and after its own independent consideration as to whether to accept the parties' agreed-upon sentence as appropriate. Moreover, as the government notes in its opposition, the guideline range for attempted armed bank robbery has not been subsequently

lowered by the United States Sentencing Commission. *Compare* U.S.S.G. § 2B3.1 *with* Presentence Investigation Report at 5 (Offense Level Computation) (both setting forth a base offense level of 20 pursuant to U.S.S.G. § 2B3.1, a 2-point increase because the offense involved the property of a financial institution pursuant to U.S.S.G. § 2B3.1(b)(1), and a 2-point increase because the offense involved a threat of death pursuant to U.S.S.G. § 2B3.1(b)(2)(F)). Accordingly, there is no valid basis for the Court to reduce Mr. Sumner's sentence pursuant to 18 U.S.C. § 3582(c) and Mr. Sumner has not provided the Court with any other authority under which it may reduce his sentence.

Although the Court has found that Mr. Sumner is ineligible for a sentence reduction, the Court shall briefly address Mr. Sumner's specific objection to his sentence. Mr. Sumner cites to the United States District Court for the Eastern District of New York's opinion in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), in support of his argument that his sentence is unjust and should be reduced. The decision in *Holloway* does not provide the Court with a basis to reduce Mr. Sumner's sentence. In *Holloway*, the defendant was charged with three violations of 18 U.S.C. § 924(c) related to three armed carjackings committed by the defendant and an accomplice over a two-day span. *Id.* at 312. After rejecting an offer to plead guilty to one § 924(c) violation, the defendant proceeded to trial and was convicted of three § 924(c) offenses. *Id.* The defendant was sentenced to a total prison term of 57 years and 7 months, in part, because § 924(c) required certain mandatory consecutive sentences for multiple violations. *Id.* at 312-13. The court in *Holloway* noted that the difference between the defendant's sentence if he had accepted the plea agreement and as imposed after trial was 42 years in prison. *Id.* at 313. The court also noted other additional facts including the sentence imposed on the defendant's accomplice (27-month term of imprisonment), various programs and classes that the defendant participated in while incarcerated,

and the defendant's disciplinary record since his incarceration. *Id.* at 313-14. Further, the court noted its view of the "harsh impact" of § 924(c) in sentencing in light of the mandatory sentences, enhancements for multiple § 924(c) convictions, and the requirement that sentences be served consecutively. *Id.* at 312.

In *Holloway*, the defendant moved to reopen his § 2255 proceeding under Federal Rule of Civil Procedure 60(b) and, approximately nineteen years after the defendant began serving his sentence,[4] the government ultimately withdrew its opposition to Rule 60(b) motion and indicated that it did not oppose the granting of the § 2255 motion for the purpose of vesting the court with the authority to vacate two of the defendant's § 924(c) convictions. *Id.* at 314-15. Here, the government opposes Mr. Sumner's request that his sentence be reduced and the Court has found no legal basis that would vest it with the authority to grant Mr. Sumner's request. The Court further notes that unlike the facts in *Holloway* where the defendant was sentenced to a much lengthier term of imprisonment because he rejected the government's plea offer and proceeded to trial in light of the three § 924(c) violations, Mr. Sumner is now serving a term of imprisonment that he agreed was reasonable for the offense of attempted armed bank robbery as part of the terms of his plea agreement. The consequences of accepting such a plea offer were fully described to Mr. Sumner on the record during the plea hearing held in this matter. *See generally* Govt.'s Opp'n, Ex. 1 (Tr. of Plea Hrg.) at 1-40, ECF No. [44-1]. The Court notes that in his motion, Mr. Sumner has outlined various rehabilitative and vocational programs that he has participated in during his incarceration and the Court commends Mr. Sumner on his participation in such programs. *See*

---

[4] This is a rough estimate based on the information provided in the opinion. The opinion indicates that the carjackings occurred in October 1994, that defendant proceeded to trial in 1995, and that the government set forth its position as described during a hearing held on July 10, 2014.

Def.'s Mot. at 5.  However, for the reasons described, the Court denies Mr. Sumner's motion for a reduction of sentence as it finds no legal basis to grant his request.

Finally, the Court notes that the instant decision does not affect Mr. Sumner's pending [46] "abridged" motion pursuant to 28 U.S.C. § 2255 which asserts that Mr. Sumner may seek to challenge his career offender sentence under U.S.S.G. § 4B1.1 in light of the decision of the Supreme Court of the United States in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015). Indeed, on June 2, 2016, Chief Judge Beryl A. Howell issued a Standing Order "appoint[ing] the Office of the Federal Public Defender for the District of Columbia to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify to seek to vacate a conviction or to seek a reduction of sentence or to present any motions to vacate a conviction and/or for reduction of sentence in accordance with *Johnson* and *Welch*."  Pursuant to the procedures set out in that Standing Order, Mr. Sumner, through counsel, filed an emergency motion for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255 before the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").  On June 23, 2016, the D.C. Circuit granted Mr. Sumner's emergency motion and ordered that the emergency motion be transmitted to this Court for filing as an "abridged" motion pursuant to 28 U.S.C. § 2255.  The motion currently is pending before this Court and further briefing on this motion will be made in accordance with Chief Judge Howell's Standing Orders of June 2, 2016, and September 9, 2016.  The Court shall render its ruling on the pending [46] "abridged" motion pursuant to 28 U.S.C. § 2255 after briefing is complete.

### III. CONCLUSION

For the foregoing reasons, the Court finds Mr. Sumner is not eligible for a reduction of his

current sentence at this time because he does not meet the criteria as laid out in 18 U.S.C. § 3582(c) and the Court has determined no other basis for granting his request. Accordingly, Mr. Sumner's [42] motion for reduction of sentence is DENIED. An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
